

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AVCO CORPORATION, on behalf of its LYCOMING ENGINES DIVISION, | ) ) ) |
| Plaintiff, | ) No.: 05 C 4364 ) ) Suzanne B. Conlon, Judge |
| vs. | ) ) |
| PROGRESSIVE STEEL TREATING, INC., an Illinois corporation, and MODERN PLATING CORPORATION, an Illinois corporation, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Invoking the court's diversity jurisdiction, Avco Corporation, on behalf of its Lycoming Engines Division, sues Modern Plating Corporation and Progressive Steel Treating, Inc. (collectively "defendants") to recover settlement payments made by Lycoming for claims arising from an airplane crash. Pursuant to 28 U.S.C. §§ 1404(a) and (b), Modern Plating moves to transfer venue to the court's Western Division sitting in Rockford, Illinois. For the reasons set forth below, Modern Plating's motion is granted.

## BACKGROUND

The following facts are derived from the complaint, the answers, and the motion papers. For the purposes of this motion, the court assumes that these facts are true.

Avco is a Delaware corporation with its principal place of business in Providence, Rhode Island. Lycoming, operating in Williamsport, Pennsylvania, is an unincorporated division of Avco. Modern Plating is an Illinois corporation with its principal place of business in Freeport, Illinois.

Progressive Steel is an Illinois corporation with its principal place of business in Rockford, Illinois.

Freeport and Rockford are both located in the court's Western Division. Defendants assert that all of their employees live and work in the Western Division. Their activities relevant to this case occurred in the Western Division, and all their relevant documents and equipment are located in the Western Division.

Avco, however, has chosen the Eastern Division for its suit. This case arises from an airplane crash in Meridian, Mississippi. While piloting a Piper PA-32R-301 at an altitude of approximately 500 to 600 feet on June 7, 2002, Dr. Mark D. Williams found that the engine had stopped. Dr. Williams executed a forced landing. As a result, he was seriously injured, and the airplane was destroyed.

Based on its investigation of the crash, Lycoming, the manufacturer of the doomed engine, blames a zinc-plated crankshaft gear bolt for the engine failure. Lycoming believes the bolt fractured due to hydrogen embrittlement, and manufacturing defects caused the embrittlement. Lycoming claims defendants were involved in the manufacturing of the bolt in question -- Modern Plating performed the zinc plating and baking and Progressive Steel performed the heat-treating. Thus, Lycoming contends defendants are liable for the engine failure.

In its complaint on behalf of Lycoming, Avco seeks to recover the settlement payments Lycoming made to Dr. Williams, his wife, and the insurer of his airplane for their damages resulting from the unfortunate crash. In their respective answers, defendants deny liability. Modern Plating moves to transfer venue pursuant to 28 U.S.C. §§ 1404(a) and (b), supported by affidavits from James Stenberg, its president, and Jim Simonovich, the president of Progressive Steel. Avco opposes.

## DISCUSSION

A district court may transfer a civil action to any district or division where the case may have been brought for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A court may also transfer a case from one division to another in the same district. 28 U.S.C. § 1404(b). To prevail on a motion to transfer under § 1404(a), Modern Plating must demonstrate: "(1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice." *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 833 (N.D. Ill. 2004) (citing *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)). Modern Plating has the further burden of establishing, "by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). In assessing a motion to transfer, the court must consider the statutory factors in light of all of the circumstances of the case. *Id.* at 219. The weight accorded to each factor is committed to the sound discretion of the court. *Id.*

The parties do not dispute that venue and jurisdiction are proper in either division; they disagree only on whether the Eastern or Western Division is a more appropriate forum for this case. Therefore, the court considers the convenience of the parties and witnesses, and the interests of justice.

I. **Convenience of the Parties**

The convenience of the parties and witnesses is the most important § 1404(a) factor. *See Dunn v. Soo Line R.R.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994) (citing *Rose v. Franchetti*, 713 F. Supp.

3

1203, 1214 (N.D. Ill. 1989)). When evaluating this factor, the court considers four prongs: (1) plaintiff's choice of forum; (2) the site of material events; (3) availability of evidence in each forum; and (4) the parties' convenience in litigating in the respective forums. *Houck v. Trans World Airlines, Inc.*, 947 F. Supp. 373, 375 (N.D. Ill. 1996) (citing *College Craft Cos., v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995)). The court analyzes these four considerations in turn.

First, Avco's choice of forum deserves only nominal deference. Avco has chosen to file this case in the Eastern Division. Plaintiff's choice of forum is generally given substantial weight under § 1404(a), particularly when plaintiff chooses its home forum. *See Dunn*, 864 F. Supp. at 65 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). But the Eastern Division is not the home forum for either Avco or Lycoming. Moreover, the Western Division bears a substantial relationship with this case because defendants' principle places of business are located there. Avco's chosen forum is entitled to less weight if it is not its home forum or if it lacks substantial contact with the litigation. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001); *see also Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479, 482-83 (N.D. Ill. 1987). Accordingly, the court gives nominal weight to Avco's choice of the Eastern Division. *See Sanders v. Franklin*, 25 F. Supp. 2d 855, 858 (N.D. Ill. 1998) ("plaintiff's choice of forum is given deference unless . . . [it] lacks any significant connection to the cause of action").

Avco argues that a plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in favor of transfer, relying on *Peterson v. United States Steel Corp.*, 624 F. Supp. 44, 45 (N.D. Ill. 1985). But Avco's reliance on *Peterson* is inapposite because that case presented a different set of facts. Most importantly, defendants in *Peterson* maintained offices in plaintiff's

4

chosen forum. *See id.* Here, defendants' connections with the Northern District of Illinois are exclusively in the Western Division. Thus, *Peterson* offers no support for Avco's argument.

Second, the site of defendants' conduct relevant to this case weighs strongly in favor of transfer. Defendants assert, and Avco does not dispute, that any material acts they have undertaken in connection with this case took place in the Western Division. Stenberg Aff. ¶ 11; Simonovich Aff. ¶ 11. Avco, on the other hand, fails to show that any material events occurred in the Eastern Division. Thus, this prong favors transfer.

Third, there is easier access to evidence in the Western Division. In response, Avco provides a list of anticipated evidence: "aircraft/engine wreckage, manufacturing equipment, various documentation, and party/non-party witnesses" located throughout the United States. Pl.'s Opp. ¶ 15. In their affidavits, defendants state that their principal and sole places of business, as well as their employees, equipment, and documents, are located in the Western Division. Stenberg Aff. ¶¶ 5-12; Simonovich Aff. ¶¶ 5-12. Avco does not dispute these statements. To the extent that anticipated evidence is available in the Northern District, access in the Western Division is superior to the Eastern Division. As a result, this prong weighs in favor of transfer.

Avco's argument on the availability of evidence misses the point. Throughout its opposition, Avco insists that the evidence in this case spreads across the United States and discovery requires extensive travel. *See, e.g.*, Pl.'s Opp. ¶¶ 15, 30, 33. But the broad geographic coverage of the anticipated evidence does not preclude the finding that at least defendants' evidence is most readily available in the Western Division.

Finally, the parties' convenience is not a significant factor here. Having little material connection to the Eastern Division, Avco and its counsel would be burdened with little additional

inconvenience if this case is transferred to the Western Division. *See Blumenthal v. Mgmt. Assistance, Inc.*, 480 F. Supp. 470, 474 (N.D. Ill. 1979) (inconvenience of counsel becomes a factor of consideration only when it bears directly on the cost of litigation). Nor would defendants be significantly inconvenienced if the case remains in the Eastern Division. Accordingly, convenience of the parties is a neutral factor.

## II.    Convenience of Witnesses

The analysis of this factor slightly favors transfer. In their supporting affidavits, defendants state that their witnesses will have longer travels to court if the case remains in the Eastern Division. *See* Stenberg Aff. ¶ 13; Simonovich Aff. ¶ 13. In response, Avco argues that Chicago is more convenient to out-of-state witnesses because of its "proximity to the airports and the ease of available accommodation." Pl.'s Opp. ¶ 30. In a recent case, this court rejected a similar argument opposing a transfer to the Western Division. In *Simes v. Jackson National Life Insurance Co.*, the court found Chicago's convenient location was exaggerated: "To read the defendants' memorandum, it would appear that it is but a matter of minutes to travel from O'Hare or Midway to the Dirksen Federal Building, while traveling from those airports to Rockford is like trekking to the Antipodes." No. 05C3816, 2005 WL 2371969, at *3 (N.D. Ill. Sept. 22, 2005) (granting motion to transfer because the Western Division had material connections to the litigation). Avco's argument is unpersuasive. The undisputed inconvenience to defendants if the case remains in the Eastern Division slightly favors transfer.

## III. Interest of Justice

Generally, "[t]he 'interest of justice' is a separate component of a § 1404(a) transfer analysis . . ., and may be determinative in a particular case." *Coffey*, 796 F.2d at 220 (citations omitted). But this factor "is given less weight in the case of an intra-district transfer." *Clear Channel Outdoor, Inc., Rubloff Oakridge Algonquuin, L.L.C.*, No. 03C3063, 2003 WL 22382999, at *3 (N.D. Ill. Oct. 16, 2003) (citations omitted). When evaluating this factor, the court considers "the efficient administration of the court system." *Coffey*, 796 F.2d at 221. "That includes due consideration for the speed in which the case will proceed to trial, the court's familiarity with the applicable law, and the public's interest in having the case resolved in a particular forum." *Sanders*, 25 F. Supp. 2d at 859 (citing *Coffey*, 796 F.2d at 221); *see also Schwarz*, 317 F. Supp. 2d at 837 (considering likelihood of speedy trial and familiarity with applicable law).

Neither Avco nor Modern Plating relies on arguments based on the likelihood of speedy trial and familiarity with applicable law. But defendants' exclusive connections with the Western Division tip the scales in favor of transfer. Compared to the Eastern Division, where none of the parties has any connection material to this case, the Western Division has an interest in having this case resolved there. Thus, transferring this case to the Western Division will promote the interest of justice. *See Koos, Inc. v. Performance Indus., Inc.*, 747 F. Supp. 487, 491 (N.D. Ill. 1990) (granting transfer to a forum having the most significant contacts with the litigation).

## IV. Balancing of the Factors

The court has carefully considered the transfer factors. Avco has chosen to sue in the Eastern Division, which has no material connection to this case. Avco's choice of forum merits only nominal

deference. Modern Plating has shown that all of the statutory factors weigh in favor of transfer to some degree or are virtually neutral. Most significantly, the Western Division is defendants' home forum, and all of their evidence and witnesses are located there. When all the factors are balanced, the convenience of the parties and witnesses, and the interests of justice, will be served by transferring this case to the Western Division.

In reaching its decision, the court is mindful that transfer is inappropriate if it merely shifts the inconvenience for one party to another. *See Vandeveld*, 877 F. Supp. at 1169. The distance between the Eastern and Western Divisions is insignificant, so is the shifting of inconvenience between Avco and defendants resulting from transfer. But the lack of connection between the Eastern Division and this case compels the conclusion that the Western Decision is a more appropriate forum. Accordingly, Avco's arguments based on the convenience of the parties and the distance between the Eastern and Western Divisions are unpersuasive.

## CONCLUSION

For the foregoing reasons, Modern Plating's motion to transfer venue is granted. This case is transferred to the United States District Court for the Northern District of Illinois, Western Division.

ENTER:

Suzanne B. Conlon
United States District Judge

October 6, 2005

8